ADLER LAW FIRM
Joel D. Adler (SBN 52979)
Michael C. Starkey (SBN 253720)
101 Montgomery Street, Suite 2050
San Francisco, CA 94104
Telephone: (415) 433-5333
Facsimile: (415) 433-5334
Email: adlerlaw@adlerlaw.net

Special Collection Counsel for Heller Ehrman LLP,
Debtor In Possession

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br>HELLER EHRMAN LLP,<br>　　　Debtor. | Chapter: 11<br>Case No.: 08-32514 |
| HELLER EHRMAN LLP,[1]<br>　　　Debtor In Possession,<br>　　　vs.<br>RED CHAMBER CO., a California Corporation; ORIENT FISHERIES, INC., a California Corporation; and DOES 1 to 10, inclusive,<br>　　　Defendants. | Adversary Proceeding No: 10-03059<br><br>**JOINT DISCOVERY PLAN** |

　　　Pursuant to Civil L.R. 16-9(a), the parties to the above entitled action certify that they met and conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure, and subsequently, by telephone conference, to discuss the preparation of a joint discovery plan. Accordingly, the parties to the above-entitled action submit this Joint [Proposed] Discovery Plan.

---

[1] Federal Tax I.D. No. XX-XXX-7308; 333 Bush Street , San Francisco, CA 94104

- 1 -

## 1. Facts:

**Plaintiff's Statement:**

Defendants Red Chamber Co. and Orient Fisheries, Inc. ("defendants") engaged Debtor In Possession HELLER EHRMAN LLP ("Heller"), in writing, on or about June 7, 2006. Heller Ehrman provided legal services to defendants, incurred costs on their behalf, and tendered regular invoices to defendants for payment. Defendants have failed to pay Heller's invoices in the principal amount of $248,853.41.

Defendants engaged Heller to represent them in connection with an insurance loss related to fraudulent wire transfers in Mexico. Heller filed an action against defendants' insurer in state court on defendants' behalf, which was removed to federal court in June 2007 (U.S. District Court, Central District of CA, Case No. CV07-3945 GAF). In early 2008 defendants were sued by Banco Mexico in a separate action based upon the same underlying events. Heller had a conflict of interest that prevented Heller from representing defendants in the second action. Heller asked Banco Mexico to waive the conflict, but they refused. It would have been extremely inefficient to have two firms representing defendants in separate cases based upon the same facts. Heller discussed the problem with defendants and ultimately disengaged in September 2008.

During Heller's representation, defendants were served with a request for archived email that required third-party data processing before Heller could respond. Defendants refused to pay the cost (approximately $11,000) and the opposing party brought a motion to compel and for the cost of that motion. On September 8, 2008, a cost sanction of $3,000 was awarded against defendants and Heller. The court specifically ordered defendants and Heller to apportion payment. Shortly thereafter, David Prince, Red Chamber's General Counsel stated that Red Chamber would pay the entire sanction.

On April 27, 2009, defendant Orient Fisheries, Inc. filed a Proof of Claim in the within underlying Chapter 11 bankruptcy proceeding for $280,684.36. Heller disputes this Proof of Claim.

Firm File No. 8352 - 2 - Case No. 10-03059

On November 19, 2009, pursuant to the written engagement agreement, Heller initiated arbitration of this dispute under the auspices of the American Arbitration Association. However, defendants refused to pay their share of AAA's fees. Accordingly, Heller requested termination of the arbitration and initiated the instant adversary proceeding on April 12, 2010.

**Defendant's Statement:**

After consulting with principals of Orient Fisheries, Inc. Heller was engaged to represent the interests of Orient Fisheries, Inc. in an action against AIG on a first party insurance claim. Orient Fisheries, Inc. is the only named party as plaintiff in the action. Red Chamber Co. was never a party to the case nor did Heller ever represent any interest of Red Chamber Co. There is no parent-subsidiary relationship between the Defendants, there are only common shareholders. The AIG policy was issued in the name of Red Chamber Co. which included Orient Fisheries, Inc. as an additional insured. Heller drafted the engagement letter for Red Chamber Co. to sign to protect all communications between Heller and all named insureds.

After suing in state court, AIG removed to federal court.

All legal bills paid to Heller until it abandoned Orient Fisheries, Inc. were paid only by Orient Fisheries, Inc. Red Chamber Co. never paid any bills issued by Heller. During the break up of Heller, no partner in the firm would agree to take on the case. Heller engaged its own outside counsel to assist Orient Fisheries, Inc. in transferring to a new firm since Heller acknowledged that it left a low level associate in charge of a $10,000,000 case without any partner willing to supervise the work. As a result, Orient Fisheries, Inc. was sanctioned in discovery law and motion. The person assigned to represent Orient Fisheries, Inc. had never appeared in court and never presented a motion in open court. Counsel did not even know that counsel is required to stand while addressing the court. As a result, the court issued its discovery orders against Heller and Orient Fisheries, Inc. accordingly.

New counsel was retained to represent the interest of Orient Fisheries, Inc.

following the abandonment. Much of the work done previously and paid ($280,000) was needed to be re-done by substitute counsel.

Heller initiated arbitration proceedings but abandoned the same when the American Arbitration Association requested Heller, as the petitioning party, to pay the fees for the proceedings.

Heller first presented this joint statement on June 24, 2010. Defendants responded to it within one hour of receipt.

**2. Legal Issues:**

**Plaintiff's Statement:**

Heller asserts that defendants are liable for the full amount of the unpaid bills, plus interest. [Cal. Civ. Code § 3289(b).] Red Chamber, through its representative, signed the engagement agreement and was the only entity invoiced. Orient Fisheries received the benefit of Heller's services, which did not fall below the applicable standard of care.

**Defendant's Statement:**

Red Chamber Co. is not a proper party defendant since no services were ever provided by Heller to it. Orient Fisheries, Inc. does not owe any sums to Heller since the work, or lack thereof, provided no benefit to Orient Fisheries, Inc. and Heller's work falls below the standard of care within the applicable community.

**3. Amendment of Pleadings:**

The parties do not currently expect to seek amendment to any pleading and agree on a deadline of August 31, 2010, for any amendments.

**4. Evidence Preservation:**

**Plaintiff's Statement:**

Heller sent most paper records relating to defendants to successor counsel at defendants' request on August 20, 2008. Heller's records indicate that it retains eight folders of related paper documents in storage. Heller has searched its electronic database and saved all electronic documents and email related to defendants. Heller

has not intentionally destroyed any documents or evidence relevant to this matter and is not currently aware of any documents or evidence relevant to this matter which have been inadvertently lost or destroyed.

**Defendant's Statement:**

Orient Fisheries, Inc. maintains all of its paper files. Electronically stored documents (some or all) may be been lost in a move from its prior location due to problems of interfacing which move occurred months before this instant action was commenced.

**5. Disclosures:**

Heller made its initial disclosures on June 7, 2010; defendants' made their initial disclosures on June 14, 2010.

**6. Discovery:**

**Plaintiff's Statement:**

Heller has conducted no discovery. Heller anticipates serving document requests, interrogatories and requests for admission.

Heller also plans to depose defendants' likely witnesses. Mr. Prince, Red Chamber's General Counsel was Heller's primary point of contact with defendants and thus a percipient witness to many of the relevant underlying events. Nevertheless, on May 24, 2010, Mr. Prince stated that he does not intend to testify and will resist being deposed "at all costs." Later that day, Heller sent Mr. Prince a letter, offering to refrain from deposing him if defendants stipulate that he will not testify. Heller has received no response to that offer.

No issues have been identified regarding electronically stored information.

**Defendant's Statement:**

Orient Fisheries, Inc. intends to depose all former partners/associates of Heller that were responsible for the action. Defendants have never waived the attorney client privilege relative any statements made by former Heller partners/associates relative to Heller's counsel. Defendants reject Heller's request to limit its witnesses.

Firm File No. 8352 - 5 - Case No. 10-03059

Other than noted above, there seems to be no issues regarding electronically stored information.

Dated: June 25, 2010        ADLER LAW FIRM


_____/s/_____
Joel D. Adler
Attorneys for Plaintiff
HELLER EHRMAN LLP

Dated: June 25, 2010


_____/s/_____
David L. Prince
Attorneys for Defendants RED CHAMBER CO., INC. and ORIENT FISHERIES, INC.